IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDDIE FERRER-SOTO, JUANA CORDERO-CORDERO and their conjugal partnership | |
| Plaintiffs | CIVIL 15-1990CCC |
| vs | |
| COMMONWEALTH OF PUERTO RICO; OFFICER LUIS F. PEREZ-GONZALEZ; CESAR A. MIRANDA-RODRIGUEZ, in his official capacity as Secretary of Justice for the Commonwealth of Puerto Rico; PUERTO RICO POLICE DEPARTMENT; JOSE L. CALDERO-LOPEZ, in his official capacity as the Puerto Rico Police Department Superintendent; JOHN DOE, RICHARD ROE and FREDDIE MOE, all of which are fictitious names representing employees, contractors or agents of the Puerto Rico Police Department, whose identifies are unknown at this time | |
| Defendants | |

**OPINION AND ORDER**

Plaintiff Eddie Ferrer-Soto (Ferrer), his wife Juana Cordero-Cordero and their conjugal partnership filed this civil rights action on July 22, 2015 (d.e. 1) seeking compensatory and punitive damages for what Ferrer claims were a false arrest, due process infringement and the subjection to cruel and unusual punishment which he allegedly suffered in violation of the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution. Supplemental claims under Puerto Rico's Constitution and Article 1802 of its Civil Code were also asserted. Named as defendants were the Commonwealth of Puerto Rico (Commonwealth) and its Secretary of Justice César A. Miranda-Rodríguez (Miranda) in his official capacity, the Puerto Rico Police Department (PRPD)

CIVIL 15-1990CCC                    2

and its Superintendent José L. Caldero-López (Caldero) in his official capacity, PRPD officer Luis F. Pérez-González (Pérez) in his personal capacity, and a trio of unknown PRPD employees included with the monikers John Doe, Richard Roe and Freddie Moe, none of who have been identified.[1]

Before the Court is a Motion Requesting Summary Judgment filed by all named defendants on June 30, 2016 (**d.e. 26**), opposed on August 29, 2016 (d.e. 36).  The Commonwealth, PRPD, Miranda and Caldero have invoked Eleventh Amendment immunity, while Perez avers that he did not infringe any of Ferrer's rights and that, in any event, the complaint is time-barred.  Their Motion is accompanied by a Statement of Uncontested Material Facts (SUMF) (d.e. 26-18) and supporting exhibits, the latter subsequently supplemented to the extent needed with corresponding English translations (d.e. 33).  Plaintiffs merely reiterate in their Opposition the facts originally pled in the complaint, and, while averring that there is "ample evidence to support [their] allegations," (Opposition, at p. 3), have not submitted any.

The relevant facts are taken from defendants' SUMF which were not controverted by the plaintiffs and are, therefore, deemed admitted.  See Local Rule 56(e).  ("Facts contained in a supporting or opposing statement of material facts, if supported by record citations . . ., shall be deemed admitted unless properly controverted.")

On September 20, 2012 at 9:40 AM, Ferrer was involved in a traffic accident while driving his motor vehicle on Road 417 in Aguada, Puerto Rico.

---

[1]The Case Management Order issued on November 23, 2015 (d.e. 20) specifically provided that "[a]ll unidentified "John Doe" type defendants [had to] be identified by their true names within thirty (30) days after notice of th[e] order" and that "[f]ailure to do so [would] result in their dismissal without prejudice."  Id., at p. 2.  Although plaintiffs never complied with this directive, given the disposition we reach today it is immaterial.

CIVIL 15-1990CCC                              3

As a result of this accident, Mr. Jonathan Negrón-Feliciano (Negrón) suffered injuries.  At the time of the events, defendant P.R. Police Officer Pérez was assigned to the Aguada District.  He investigated the accident and filled out a criminal complaint, stating that Ferrer had failed to take the necessary precautions while driving vehicle #1 and invaded the lane of the driver of vehicle #2 (Negrón) impacting the front part of said vehicle, a motorcycle.

During the months of July and August 2013, prosecutors authorized the issuance of subpoenas to different entities as part of the investigation of the pending criminal complaint against Ferrer.  On September 12, 2013, after receiving authorization from prosecutor Orlando Velázquez-Reyes, PRPO Pérez filed charges against Ferrer for violation of Article 110 of the Puerto Rico Penal Code (2012), a felony, and Article 5.07 of Puerto Rico's Law No. 22, a misdemeanor.  Before charges were filed, Pérez' several calls to Ferrer went unanswered.  One of the calls was answered by a woman, who Pérez thought was Ferrer's sister.  She informed him that Ferrer was out of Puerto Rico with his wife and that she did not know when they were coming back.   Pérez informed that to prosecutor Velázquez-Reyes, who then authorized that charges be filed against Ferrer "in absentia" and that they be submitted without delay for a probable cause determination.    Judge Margarita E. Gaudier-Lavergne found probable cause on both of the charges presented against Ferrer on September 12, 2013, and issued an arrest warrant against him.

On October 7, 2013, Ferrer was arrested by agent Mangual González, badge No. 22755, who took him before a Municipal Judge at the Puerto Rico Court of First Instance of Aguadilla.  PRPO Pérez did not arrest plaintiff.  Ferrer was then summoned to a preliminary hearing, and placed under the jurisdiction

CIVIL 15-1990CCC                          4

of the Office of Pretrial Services or "OSAJ" (Spanish acronym for "Oficina de Servicios con Antelación al Juicio").  Pursuant to Puerto Rico law, "[a]ny person charged with an offense that entails bail, may submit him/herself to the jurisdiction of [OSAJ which] shall be responsible for evaluating the cases under its jurisdiction in order to make a recommendation to the courts regarding the determination of the terms and conditions of the corresponding bail."  See 4 L.P.R.A. § 1309.

On November 6, 2013, before the preliminary hearing, Ferrer, represented by counsel, filed a Motion to Dismiss the criminal case on the grounds that the filing of charges in absentia were a violation of due process. Judge José T. Román-Barceló found probable cause at the preliminary hearing held on January 8, 2014 for the same felony.  On January 16, 2014, prosecutor Velázquez-Reyes filed an indictment against Ferrer in Criminal Case No. AIC2014G0002.  On February 4, 2014, Ferrer again filed another Motion to Dismiss the criminal case again claiming that the filing of charges in absentia were a violation of his due process rights.  On March 3, 2014, his defense attorney requested that the February 4th, 2014 Motion to Dismiss be deemed withdrawn.

The criminal proceedings against Ferrer ended on August 14, 2014.  He was found not guilty of a felony under Article 110 of the Penal Code of Puerto Rico and  guilty of the misdemeanor under Article 5.07 of the P.R. Vehicle and Traffic Law No. 225.  A fine of $750.00 was imposed.

Summary judgment is appropriate when "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there

CIVIL 15-1990CCC                    5

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A). After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés–Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). In doing so, the resisting party does well in heeding the Court of Appeal's admonition in Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990):

> A genuine issue of material fact does not spring into being simply because a litigant claims that one exists. Neither wishful thinking nor "mere promise[s] to produce admissible evidence at trial," Garside [v. Osco Drug, Inc.,] 895 F.2d [46], at 49 [(1st Cir. 1990)], nor conclusory responses unsupported by evidence, Ayer v. United States, 902 F.2d 1038, 1044–45 (1st Cir.1990), will serve to defeat a properly focused Rule 56 motion. After all, one who opposes a Rule 56 motion "may not rest upon her laurels (or her pleadings)." Mack [v. Great Atlantic and Pacific Tea Co.], 871 F.2d [179,], at 181 [(1st Cir. 1989)]. Rather, the opponent must pull the laboring oar and "set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

Guided by these standards, we address the parties' arguments for and against summary judgment.

The Commonwealth, PRPD, Miranda and Caldero seek brevis disposition of the claims against them based on Eleventh Amendment immunity. A review of the complaint confirms, as movants have claimed, that plaintiffs seek compensatory and punitive damages under Section 1983, and that both Miranda and Caldero were sued only in their official capacities. It is hornbook law that "neither a State nor its officials acting in their official capacities are 'persons' under section 1983," Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989), and for that reason "neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991). Thus,

CIVIL 15-1990CCC                              6

plaintiffs' Section 1983 claim against the Commonwealth, PRPD, Miranda and Caldero must be DISMISSED, with prejudice.

As to defendant Pérez, given that plaintiffs sued him in his individual capacity he does not partake of his codefendants' shield from damages' liability.  See Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 3104 (1985).  He requests dismissal on other grounds, including lack of personal involvement and expiration of the statute of limitations.

At the outset, we note that plaintiffs' complaint conclusorily avers that defendants "falsely prosecut[ed], arrest[ed], and incarcerat[ed] Plaintiff Ferrer," (Complaint, at paragraph 11), and that "[t]he actions and omissions described herein constitute false arrest, a violation of due process, and cruel and unusual punishment, in violation of the United States Constitution and actionable pursuant to 42 U.S.C. § 1983." Id., at paragraph 29.  The facts adduced in the complaint in support of those claims are that Pérez:

> 21.  . . . was aware of the applicant's physical address and phone number [and] he filed the case without Mr. Ferrer's presence, despite the fact that in August 2013, the investigating officer had summoned the plaintiff to the Aguadilla Prosecutors' Office and he had appeared. Mr. Ferrer was always available for the process, whenever he properly let him know of it. The agent told the court that the plaintiff was outside Puerto Rico traveling, when Mr. Ferrer has not left Puerto Rico in around 32 years.
>
> . . .
>
> 23.  Following the determination of cause for arrest in absentia, the plaintiff was arrested on Highway 443 in the municipality of Aguadilla, despite not being properly summoned or even remotely told of the proceedings against him, even though he had already demonstrated his availability and disposition to cooperate, as he had already done.  Mr. Ferrer was detained in a cell, depriving him of his liberty.

Complaint (d.e. 1), pp. 6-7, paragraphs 21, 23.

CIVIL 15-1990CCC                    7

Plaintiffs reiterate in their opposition that "Agent Pérez processed [Ferrer] without following constitutional due process," (Opposition, at p. 4), and that Ferrer "was subjected to a criminal procedure because Agent Pérez, even if doing so inadvertently, failed to be diligent enough to verify where Mr. Ferrer was." Id., at p. 7.   Plaintiffs go on to state that "[p]robable cause was determined through false pretense, because Agent Pérez informed the court that Mr. Ferrer-Soto was outside of Puerto Rico, when he was in Puerto Rico." Id., at p. 8.

These arguments are defeated by the undisputed facts now before us. The factual summary judgment record establishes that on September 12, 2013, and after receiving authorization from prosecutor Orlando Velázquez-Reyes, Agent Pérez formally filed charges against plaintiff Ferrer for violation of Article 110 of the Puerto Rico Penal Code and Article 5.07 of Puerto Rico's Law No. 22.  Before charges were filed, however, Pérez unsuccessfully attempted to contact Ferrer by phone.  After being told by a woman whom he thought was Ferrer's sister that Ferrer was not in Puerto Rico, Pérez gave the information to prosecutor Velázquez-Reyes who then authorized that charges be filed "in absentia."   Judge Gaudier-Lavergne subsequently found probable cause on both charges filed against Ferrer and issued a warrant for his arrest.  Plaintiffs' assertion that Pérez falsely informed the court that Ferrer was not in Puerto Rico when he was actually is belied by the facts at the summary judgment stage.  There is simply no evidence on the record that on September 12, 2013 when criminal charges were filed in absentia against Ferrer he was actually in Puerto Rico and that Pérez knew this yet falsely informed the Court otherwise.

Even assuming that Pérez falsely informed the Commonwealth judge that Ferrer was not in Puerto Rico when charges were filed on September 12, 2013,

CIVIL 15-1990CCC                           8

his claims also fail on the law.  To the extent that Ferrer claims that he was falsely arrested and imprisoned, he would need to establish that his detention occurred without legal process.  Wallace v. Kato, 549 U.S. 384, 389, 127 S.Ct. 1091 (2007).  The record reflects instead that the criminal charges against him were filed in the Commonwealth court, before a Commonwealth judge, who found probable cause on both charges and **then** issued the warrant for his arrest which led to his brief detention.  See Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 4 (1st Cir. 1995).  ("An arrest warrant constitutes legal process . . .").  On the other hand, if what Ferrer asserts is that his arrest and detention resulted, not due to absence of legal process but by the wrongful institution of legal process, his claim is for malicious prosecution.  Id.  To prevail on such a claim, plaintiffs must establish: (1) the commencement or continuation of a criminal proceeding by the defendants against Ferrer; (2) the termination of the proceeding in favor of Ferrer; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice.  Id., at p. 3, n. 5.  The undisputed facts, however, defeat such claims since the criminal proceeding did not terminate in Ferrer's favor.  He was convicted on the misdemeanor charge and sentenced to pay a fine of $750.00.  Plaintiffs' claims against defendant Perez for false arrest/imprisonment and/or malicious prosecution do not survive summary judgment and are, therefore, DISMISSED, without prejudice.

Plaintiffs' due process claim is also based on the filing of criminal charges against Ferrer in absentia.  It is apodictic that the Due Process Clause of the Fourteenth Amendment guarantees to an accused the right to be present at every critical stage of his criminal proceeding.  Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202 (1884).  The Supreme Court has stated, however, that "the probable cause determination is not a 'critical stage' in the prosecution."

CIVIL 15-1990CCC                    9

Gerstein v. Pugh, 420 U.S. 103, 122, 95 S.Ct. 854 (1975).  It has been held that there is no "federal due process right to be present when a criminal information was filed and an arrest warrant issued." Saunders v. King County, 546 Fed.Appx. 650 (9th Cir. 2013).  That is precisely what took place at the September 12, 2013 hearing held pursuant to Puerto Rico Rule of Criminal Procedure 6 at which Ferrer was not present – two criminal charges were filed against him before a local judge who then found probable cause for his arrest and issued the corresponding warrant.  Ferrer had no right under the Due Process Clause to be present at said hearing, plaintiffs' claim affirming otherwise is ORDERED DISMISSED, with prejudice.

Finally, plaintiffs conclusorily aver in their complaint that Ferrer was subjected to "cruel and unusual punishment" in violation of the Eighth Amendment of the U.S. Constitution.  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  This provision applies to conditions of confinement.  Rhodes v. Chapman, 101 S.Ct. 2392, 2398 (1981).  Although the Constitution does not require "comfortable" prison conditions, the conditions of confinement may not involve the "unnecessary and wanton infliction of pain." Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321 (1991).  "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." Giroux v. Somerset County, 178 F.3d 28, 31 (1st Cir. 1999) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  To state an Eighth Amendment claim based on conditions of confinement, an inmate must allege that: (1) he is incarcerated

CIVIL 15-1990CCC                    10

under conditions posing a substantial risk of serious harm and (2) the defendant official had a sufficiently culpable state of mind.  Id.

The only allegation in plaintiffs' complaint related to Ferrer's confinement is that he "was detained in a cell, depriving him of his liberty."  Complaint (d.e. 1), at p. 7, paragraph 23.  There are no allegations as to what were the conditions of confinement which Ferrer experienced, let alone any claim that he was deprived of the minimal civilized measure of life's necessities and subjected to unreasonable health and safety risks.  At the summary judgment stage, plaintiffs have failed to supplement their initial pleadings with further factual assertions supporting their Eighth Amendment claim.  It must also be DISMISSED, with prejudice.

In sum, the Motion for Summary Judgment (**d.e. 26**) is GRANTED as to plaintiffs' federal claims brought under 42 U.S.C. section 1983, ALL which are hereby DISMISSED, with prejudice.  Given the dismissal of the federal claims, the Court now declines to exercise supplemental jurisdiction over plaintiffs' claims under the Constitution and laws of the Commonwealth which are DISMISSED, without prejudice.  See Rossi v. Gema, 489 F.3d 26, 39 (1st Cir. 2007).  Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on March 28, 2017.


S/CARMEN CONSUELO CEREZO
United States District Judge